MEYER *v.* LALLY.

MALICIOUS PROSECUTION—ACTION—MALICE—QUESTION FOR JURY.
    Where, in an action for false imprisonment and malicious prose-
        cution, it appears that plaintiff was properly arrested by de-
        fendant while violating a city ordinance by speaking in a
        public place without a permit, but that following the arrest
        defendant, without reading it, signed and swore to a com-
        plaint charging him with using indecent language, which
        there was no evidence to support, and there is evidence from
        which the existence of malice might be inferred, it is error to
        withdraw from the attention of the jury the proceedings after
        the arrest and the responsibility of defendant therefor.

Error to Wayne; Frazer, J. Submitted February 7,
1906. (Docket No. 31.) Decided April 3, 1906.

Case by Meiko Meyer against Thomas W. Lally for
false imprisonment and malicious prosecution. There
was judgment for defendant, and plaintiff brings error.
Reversed.

*Benjamin Jacobson,* for appellant.

*Fred H. Warren,* for appellee.

OSTRANDER, J. Plaintiff, in his declaration, claims
damages for false imprisonment and for malicious prose-
cution. The plea was the general issue, with notice that
the trespasses of defendant were committed under circum-
stances amounting to a justification, and that the circum-
stances were (I state the substance only) that, at the time the
arrest of plaintiff was made, an ordinance of the city,
adopted under charter provisions, prohibited the making of
any public address upon any street, avenue, park, or grounds
within the one-half mile circle from the city hall, without
permit from the mayor, and punished by fine or imprison-
ment, or both, any violation thereof; that the Campus

Martius was a public space, street, and highway within the limits aforesaid; that plaintiff, without license or permit from the mayor, was engaged, at the time of his arrest, in speaking there to a large number of people whose presence impeded traffic, was interfering with the public use of said space, and committing a breach of the peace; that defendant, a police officer, requested plaintiff to desist and move on, which plaintiff declined to do, saying, "Go ahead and arrest me;" that defendant thereupon took him into custody, conducted him to the police station, and, at the earliest opportunity, before a police justice, to whom he stated the facts and before whom he subscribed to a complaint prepared by said police justice, with which, or the framing of which, defendant had nothing whatever to do, and relied upon said justice in subscribing the same.

The testimony warranted the jury in finding that plaintiff, in attempting a public address at the place and upon the occasion, was openly defying the authorities and courting arrest, and was, within the meaning of the ordinance, a disorderly person. There is testimony tending to prove that the validity of the ordinance violated was questioned, and that a case involving it was, at the time of the arrest, pending in this court, and that meanwhile, until the decision of that case, complaints for violating that ordinance were not entertained. Defendant testified that he did not read the complaint; that he was present on the morning of September 16th when plaintiff's case was called, heard him plead not guilty, and heard him demand a jury trial, but did not know whether the complaint was read in his hearing or not. It appears that, in cases of such arrests, an entry is made on a blotter at the station house, but by whom does not appear, showing the name of the party arrested, the charge, the name of the officer making the arrest, and that these books are sent to the police court clerks, who make out complaints from the information afforded by the blotter, the officer signs them, and they are taken to the justice, who admin-

isters to the complainant the oath. The complaint against plaintiff sets out that he was guilty of disorderly conduct—

"For that the said defendant then and there was * * * using indecent and immoral language, and the said complainant further says that the aforementioned person is now in custody on arrest for the above mentioned offense, committed in his presence and view as such police officer."

It was made on Monday following the arrest. A warrant was issued which followed the complaint. Plaintiff pleaded thereto not guilty, was required to give and gave bail, with two sureties, for his appearance for trial. On September 30th, at the trial, the defendant here was sworn as a witness, and testified that plaintiff (respondent there) did not use indecent or immoral language upon the occasion of his arrest, and the respondent (plaintiff) was thereupon discharged. In the trial of the case at bar, the court, in charging the jury, used the following language:

"Something has been said about the nature of this complaint, that he has been charged with using indecent and insulting language. There is no claim here on either side that the young man, the plaintiff, used any indecent or abusive language or insulting language. This is printed in these ordinary complaints, and there is a great deal done in these police examinations that cannot be countenanced by any law that I know of. There should be no such thing tolerated as swearing to a complaint that has not been read either by the officer making the complaint or by the court receiving it. All these parties should know what they are doing. But, even if this charge against him was an improper charge, charging an offense of which he was not guilty at all, and which it is conceded he was not guilty of, that is, using insulting and indecent language, and this was made by mistake, and he was discharged, that would cut no figure in this case at all, provided you shall find that this man had committed an offense for which the officer had a right to arrest him, even if it was a different offense than that stated in the complaint and warrant.

"You are to determine whether there was such conduct on the part of this man that under the law justified Mr.

Lally in making the arrest under the circumstances, and not the offense that he was charged with after the arrest. That is not a matter in issue in this controversy at all. So, if Mr. Lally did anything against him that would have been justified under the law, that is, if he was violating this ordinance in speaking there, or in obstructing the highway, or making a breach of the peace which would amount to disorderly conduct under the law, under the statute and under the ordinance itself, if he is guilty of anything of that kind, then Mr. Lally's conduct would be justified, and there can be no question of damages in this case at all, and the defendant should be free."

If the officer in making the arrest intended the enforcement of any city ordinance, which plaintiff was then and there violating, cause for the arrest is made out. It is not claimed there was cause for the succeeding prosecution. It is claimed that absence of malice on the part of defendant conclusively appears. We are of opinion that it cannot be said, as matter of law, that there is no evidence from which malice might be found or inferred. This being so, it was error to withdraw from the attention of the jury the proceedings after the arrest, and the responsibility of defendant for what actually occurred.

The judgment is reversed, and a new trial granted.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.